ROBERT M. FARRIS-OLSEN (LEAD)
MORRISON SHERWOOD WILSON & DEOLA, PLLP
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261 Phone
(406) 443-7294 Fax
rfolsen@mswdlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| DAVID BACK and CAMERON BACK, | Cause No.  CV-21-58-GF-BMM |
| Plaintiffs, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| LEXISNEXIS RISK SOLUTIONS, and JOHN DOES 1-10. | |
| Defendants. | |

Come now, David Back and Cameron Back, against LexisNexis Risk Solutions, Inc. ("Lexis"), Edward Horn and John Does states and alleges as follows:

## PARTIES

1. David and Cameron Back are residents of Dupuyer, Pondera County, Montana.

2. Lexis is a foreign corporation with its principal place of business in Alpharetta Georgia. It provides consumer disclosure reports to various entities and or individuals in order for those entities or individuals to "verify identities in order to . . . quote

insurance rates . . ." The information provided by Lexis is, *inter alia*, "collected from public record and publicly-available data sources."

3.     John Does 1-10 are unnamed defendants, who may have been involved in this matter.

## JURISDICTION and VENUE

4.     This is an action for violations of the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681 *et seq*, and for costs and attorney fees.

5.     Lexis is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f) of the FCRA. And, the background report, as described below, is a "consumer report" as defined in 15 U.S.C. § 1681a(d) and § 1681b(a)(3)F)(i). Thus, this Court has jurisdiction under 15 U.S.C. § 1681p. And since this matter is based on violations of the FCRA, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6.     Venue is proper this division pursuant to Local Rule 3.2(b), and 25-2-122, MCA, in that Plaintiffs reside in, and the Defendants do business in the Great Falls division.

## FACTS

7.     In the spring of 2020, the Backs were looking to purchase a home in Choteau, Montana. They found the house and land they wanted at 7 Blackleaf Rd Cutacross.

8.     On or about May 19, 2020, they contacted State Farm to obtain an insurance quote.

9. State Farm utilized Lexis to verify the Backs' identities and to give them an insurance quote.

10. Anna obtained a personal property report provided by C.L.U.E., Inc., – Comprehensive Loss Underwriting Exchange. The report allegedly showed that Mr. Back had two claims reported.

11. Later that same day, Ms. Back called back to State Farm who agreed to mail the information they found, and how to dispute the inaccurate background report. Ms. Back was given Lexis' phone number.

12. During their communications with Anna, and after reviewing the consumer reports, they learned that the insurance quote was denied because of two claims seen on the background report.

13. However, consumer report, on its face contained false information. The report identifies the individuals as Chami (sic) Back and David Back as the "subjects" of the background report. It further notes that David has "2 Claim(s)" reported.

14. Those two claims are later identified. The first one identifies "Block, David" as the individual, with an address in Brooklyn, New York. The claim was or loss was due to Theft. And occurred in November 2019.

15. The second claim is also a claim for theft in August 2018. This claim also identified the insured as "Block, David".

16. Importantly, David Back had never lived in New York, and had never filed a claim for theft. His name is also not David "Block".

17. On or about May 20, 2020, the Backs put an offer on the home at 7 Blackleaf Cutacross, and on May 21, 2020, were preliminary qualified for financing through Churchill Mortgage.

18. The home was to be their primary residence, and they were excited to purchase their first home together.

19. Also on or about May 20, 2020, the Backs called Lexis and connected with Sharon. Sharon advised that she would file a dispute regarding the inaccurate report, and that it would take 30 days to resolve the dispute.

20. On or about June 11, 2020, Lexis sent the Backs a response to the dispute. The Backs received the dispute on or about June 24, 2020.

21. In dispute response, Lexis stated that it had verified the claims identified in the consumer report were accurate. It also showed that an Edward Horn had also confirmed the claim information was correct.

22. After Lexis sent the dispute response, but before the Backs received it, they approached State farm again on or about June 19, 2020, and were again denied insurance based on the two claims.

23. The Backs contacted State Farm again on or about August 10 and September 21, 2020, and the claims were still showing up.

24. By this time, the Backs had lost the opportunity to purchase the home at 7 Blackleaf Rd Cutacross because of their inability to obtain insurance.

25. Mr. Backs' consumer report, however, continued to be inaccurate. So on or about September 28, 2020, Ms. Back sent another dispute to Lexis.

26. On or about October 23, 2020, Lexis responded and stated they needed additional information to process the dispute. Ms. Back promptly responded with the requested information.

27. On or about November 6, 2020, Lexis completed the reinvestigation and again confirmed that the claims in the consumer report were accurate. Lexis again relied on Edward Horn.

28. As with the first dispute, this verification was erroneous, and the face of the report made that clear.

29. On or about November 9, 2020, State Farm again advised Ms. Back that she was ineligible to obtain homeowners insurance because of the two claims on the Lexis report.

30. Ultimately, the Backs were unable to purchase their home at 7 Blackleaf Rd Cutacross due to Lexis' failure to correct its errors.

31. In addition to the loss of prospective housing, the Backs suffered emotional distress, mental anguish, and loss of quality of life. They also suffered compensable lost time as a result of the numerous disputes, and time spent attempting to resolve the errors in their consumer reports.

## COUNT I – 15 U.S.C. § 1681e(b)

32. The preceding paragraphs are realleged as though set forth in full hereunder.

33. The Backs are consumers within the meaning of 15 U.S.C. § 1681a(c).

34. Lexis is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

35. The C.L.U.E. report is a "consumer report" as defined by 15 U.S.C. § 1681a(d) and § 1681b(a)(3)(F)(i).

36. The claims records regarding Mr. Block were erroneously included in the C.L.U.E. report and were the reason State Farm denied the Backs request for homeowner's insurance.

37. Lexis violated 15 U.S.C. § 1681e(b) by preparing a consumer report relating to Mr. Back without following reasonable procedures to assure maximum possible accuracy of the information concerning the Backs. The Backs names are obviously different than the Mr. Block included in the C.L.U.E. report, and the address was obviously different than the Backs' Montana addresses

38. Lexis willfully violated 15 U.S.C. § 1681e(b) in that its actions were in reckless disregard of Lexis' duties under this section. The names are obviously different, and following disputes, Lexis still refused to correct the information.

39. Because Lexis willfully violated 15 U.S.C. § 1681e(b), Lexis is liable for punitive damages as well as actual economic and non-economic damages pursuant to 15 U.S.C. § 1681n.

40. In the alternative, Lexis negligently violated 15 U.S.C. § 1681e(b), which entitles the Backs to a recovery of actual damages under 15 U.S.C. § 1681o.

## COUNT II – 15 U.S.C. § 1681i

41. The preceding paragraphs are realleged as though set forth in full hereunder.

42. The Backs are consumers within the meaning of 15 U.S.C. § 1681a(c).

43. Lexis is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

44. Lexis violated 15 U.S.C. § 1681i by failing to perform a reasonable reinvestigation regarding Mr. Back's dispute regarding the C.L.U.E. report. On two separate occasions Lexis confirmed that the reports were accurate, despite the fact that Mr. Back is not the same person – David Block – identified in the C.L.U.E. report.

45. Lexis willfully violated 15 U.S.C. § 1681i in that its actions were in reckless disregard of Lexis' duties under this section. The Backs names are obviously different than the Mr. Block included in the C.L.U.E. report, and the address was obviously different than the Backs' Montana addresses. Any reasonable reinvestigation would have corrected this plain error, but Lexis verified it twice.

46. Because Lexis willfully violated 15 U.S.C. § 1681i, Lexis is liable for punitive damages as well as actual economic and non-economic damages pursuant to 15 U.S.C. § 1681n.

47. In the alternative, Lexis negligently violated 15 U.S.C. § 1681i which entitles the Backs to a recovery of actual damages under 15 U.S.C. § 1681o.

WHEREFORE Plaintiffs pray for judgment against Defendant as follows:

1. For actual damages;

2. For attorneys' fees and costs pursuant to 15 U.S.C. § 1681n and/or § 1681o;

3. For punitive damages pursuant to 15 U.S.C. § 1681n;

4. For any applicable statutory damages; and,

5. For such other and further relief as may be just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to F. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury.

Dated this 27th day of May, 2021.

                                                MORRISON, SHERWOOD, WILSON & DEOLA

                                                By:   /s/ Robert Farris-Olsen
                                                         Robert Farris-Olsen
                                                         *Attorneys for Plaintiffs*